UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        PLAINTIFF,

v.

$234,870.00 IN U.S. CURRENCY,

        DEFENDANT.

CASE NO.  18-CV-_____

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, United States of America, through its attorneys Gregory G. Brooker, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.  This is an action to forfeit and condemn to the use and benefit of the United States of America $234,870.00 in U.S. for violations of 21 U.S.C. § 841 *et seq.*

### THE DEFENDANT *IN REM*

2.  The defendant *in rem* is $234,870.00 in U.S. Currency seized from Lucio Solis III ("Solis") at 30 Dean Avenue East, Apartment 9, Champlin, Minnesota on September 6, 2017. The defendant is in custody of the United States Marshals Service.

### JURISDICTION AND VENUE

3.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant $234,870.00 in U.S. Currency (the "Defendant Currency"). This Court has

jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1395 because the Defendant is located in this District.

**FACTS**

6. In August of 2017, law enforcement officers investigating narcotics distribution activities of a target found text messages and other information showing that a different person was selling controlled substances from an apartment at 30 Dean Avenue East, Champlin, Minnesota (the "Apartment").

7. Officers confirmed that the phone number from which the text messages were sent was assigned to Solis, who resided at the Apartment. Solis's name was consistent with the stored contact name that was associated with the text messages.

8. After further investigation, law enforcement officers obtained a Minnesota state search warrant for the Apartment, which was executed on September 6, 2017. During the search, officers recovered the following items Solis's bedroom:

    a. 4.2 grams of marijuana wax;

      b.    32.9 grams marijuana;
      c.    .4 grams of marijuana wax;
      d.    8.8 grams of marijuana from a red pill bottle;
      e,    .4 grams of marijuana from a pill bottle;
      f.    2 grams cocaine from a Pelican case;
      g.    32.5 grams of psilocybin mushrooms;
      h.    269.2 grams of marijuana;
      i.    $7,780 in U.S. Currency;
      j.    $21,675 in U.S. Currency;
      k.    $450 in U.S. Currency;
      m.    a food saver machine;
      n.    packaging materials for narcotics; and
      o.    mail addressed to Solis.

9. Officers also recovered $204,870 in U.S. Currency from a small suitcase hidden under a bed in Solis's father's bedroom.

10. The $204,870 was divided into seven vacuum-sealed bags, each with a dollar amount written on it. Three of the bags were marked "15K," two bags were marked "25K," one bag was marked "30K," and the last vacuum-sealed bag had "80K" written on it.

11. Officers read Solis his Miranda rights. He consented to speak with the officers and made the following admissions during the consensual interview:

    a. the currency in the vacuum-sealed bags belonged to him;
    b. there was approximately one-quarter-million dollars in the apartment;
    c. he hid that currency in his father's room because it's so messy that nobody would notice it there;
    d. all of the currency found in the apartment was his;
    e. he had made that quarter-million dollars in approximately one year;
    f. all the money was from drug trafficking;
    g. he doesn't use banks because he can't deposit the amount of currency he makes from drug sales without encountering problems;
    h. he admitted to packaging and vacuum-sealing the Defendant Currency; and
    i. the narcotics found in the apartment were his.

12. An individual with the initials "BSJ" was present when the search warrant was executed. "BSJ" was read his Miranda rights and consented to be interviewed. He

made the following admissions:

      a.      he has known Solis since he was in sixth grade;
      b.      he came by Solis's apartment to hang out or maybe go fishing;
      c.      he knew Solis had been selling marijuana and wax for a year;
      d.      he (BSJ) does not use because he is in a program; and
      e.      he knew that Solis smoked marijuana that day.

13. During the execution of the search warrant, officers intercepted a text message on Solis's cell phone from "Freeboy," who was later identified as an individual with the initials "TY." The text message said, "outside."

14. The officers opened the Apartment door and asked TY what he wanted. TY said he was there to buy a couple "dub sacks," meaning two $20 bags of marijuana.

15. The officer asked TY to step away from the Apartment and read him his Miranda rights. TY stated that he understood his rights. He agreed to speak with the officers and made the following statements:

      a.      he had known Solis for about three to six months;
      b.      initially, he said he was there to buy something to smoke from Solis, and that he pays Solis $10.00 per gram of marijuana;
      c.      he said met Solis at a house party where he learned Solis sells grams, ounces and pounds of marijuana; and
      d.      he later admitted that he had fronted almost a pound of marijuana to Solis for $2,100 and was there to collect the debt.

16. Solis was arrested and subsequently charged in Hennepin County with 5th Degree Sale of Marijuana and 5th Degree Possession of Marijuana in violation of Minnesota Statute 152.25.1(1) and 2(1).

17. In exchange for dropping the Hennepin County drug charges, Solis agreed to become a Cooperating Individual and agreed not to challenge the forfeiture of the $234,870.00 in U.S. Currency seized from his Apartment on September 6, 2017.

18.     Solis was unemployed at the time of the seizure and had no known legitimate source of income.

## BASIS FOR FORFEITURE

19.     The allegations in the preceding paragraphs are incorporated by reference.

20.     The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

21.     The plaintiff requests that the Court issue a warrant for the arrest and seizure of the Defendant *in rem*, that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant *in rem*, that the Defendant *in rem* be forfeited and condemned to the United States of America, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated:  February 1, 2018                    GREGORY G. BROOKER
                                            United States Attorney

                                            s/ Craig R. Baune

                                            BY:  CRAIG R. BAUNE
                                            Assistant U.S. Attorney
                                            Attorney ID No. 331727
                                            600 United States Courthouse
                                            300 South Fourth Street
                                            Minneapolis, MN 55415
                                            Phone:  612-664-5600
                                            Craig.baune@usdoj.gov

## VERIFICATION

I, Nicholas Courtright, verify and declare under penalty of perjury as follows:

I am an Investigator with the Brooklyn Park Police Department. I have been a Peace Officer for the past 13 years and have extensive experience with narcotics interdiction. I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information are the official files and records of the United States and the Northwest Metro Drug Task Force, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 1, 2018             s/ Nicholas Courtright
                                     NICHOLAS COURTRIGHT
                                     Investigator, Brooklyn Park Police Department